# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 30, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JASON BLEDSOE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0199**  (BOR Appeal No. 2046131)
                        (Claim No. 2009080349)

**AMFIRE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jason Bledsoe, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Amfire, LLC, by Robert Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 18, 2012, in which the Board reversed a June 15, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 30, 2009, decision denying Mr. Bledsoe's request for a left knee MRI, and also reversed the claims administrator's May 1, 2009, decisions rejecting the claim and denying Mr. Bledsoe's request for a psychiatric evaluation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Bledsoe alleges that he sustained injuries to his lower back, right hip, and left knee on February 17, 2009, while working as a roof bolter for Amfire, when he was forced to avoid a continuous miner that unexpectedly holed through into the entry where he was roof bolting. A February 19, 2009, Report of Injury completed by Dr. Muscari indicates that Mr. Bledsoe sustained sprains, strains, and contusions to his back, left knee, and right hip on February 17,

1

2009. The Mine Safety and Health Administration investigated the February 17, 2009, incident, and issued a citation on March 13, 2009, which states that a continuous miner unexpectedly holed into the entry where Mr. Bledsoe was roof bolting, and that he sustained injuries to his back and hip while attempting to avoid the miner. On April 21, 2009, Dr. Mukkamala performed an independent medical investigation and concluded that it is unlikely that Mr. Bledsoe sustained a compensable injury on February 17, 2009, based on statements from Mr. Bledsoe's coworkers. Following a psychiatric consultation, Dr. Faheem stated that he had been having multiple problems following the February 17, 2009, incident, and diagnosed him with post-traumatic stress disorder and depressive disorder. In affidavits dated November 12, 2010, Mr. Barker, Mr. Bledsoe's roof bolting partner, and Mr. Daniels, Mr. Bledsoe's section foreman, indicated that Mr. Bledsoe did not appear to be injured following the alleged incident, and further indicated that he continued to perform manual labor following the incident. Both dispute Mr. Bledsoe's assertion that he reported an injury in the immediate aftermath of the incident, and indicated that Mr. Bledsoe did not report sustaining an injury until the end of his shift. On March 30, 2009, the claims administrator denied Mr. Bledsoe's request for a left knee MRI based on a finding that the claim had not been held compensable. On May 1, 2009, the claims administrator rejected the claim and denied Mr. Bledsoe's request for a psychiatric evaluation. The Office of Judges reversed the claims administrator's decisions and held the claim compensable for lumbosacral, left knee, and right hip strains and contusions; authorized an MRI of the left knee; and authorized a referral for a psychiatric evaluation.

In its Order reversing the decision of the Office of Judges and reinstating the claims administrator's March 30, 2009, and May 1, 2009, decisions, the Board of Review held that Mr. Bledsoe failed to establish that he sustained a personal injury in the course of and resulting from his employment. Mr. Bledsoe disputes this finding and asserts that the evidence of record clearly demonstrates that he sustained a work-related injury on February 17, 2009.

We find that the Board of Review's conclusion that Mr. Bledsoe did not sustain a personal injury in the course of and resulting from his employment is not supported by the evidence of record. The Office of Judges found that it is not in dispute that a continuous miner holed through near Mr. Bledsoe's work area. The Office of Judges further found that there is no persuasive alternative explanation for the contusions and strains documented by Dr. Muscari other than that Mr. Bledsoe injured himself trying to avoid a continuous miner. The Office of Judges then found that the requested left knee MRI and psychiatric evaluation are medically related and reasonably required treatments for the February 17, 2009, injury. The Office of Judges found that Mr. Bledsoe struck his left knee while avoiding the continuous miner, and further found that the request for a left knee MRI is reasonable given his ongoing complaints of left knee pain. Finally, the Office of Judges found that the request for a psychiatric consultation is reasonable given Dr. Faheem's diagnosis of post-traumatic stress disorder and depressive disorder, and subsequent treatment. We agree with the reasoning and conclusions of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision

of the Board of Review is reversed and the claim is remanded with instructions to reinstate the June 15, 2011, decision of the Office of Judges.

Reversed and remanded.

**ISSUED: October 30, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry

**DISSENTING:**
Justice Margaret L. Workman